## STATE OF OREGON,
*Respondent,*

*v.*

## VINCENT JOSEPH SPENCE,
also known as Wallace Paul Ekren,
*Appellant.*

(C91-10-35350; CA A79170)

885 P2d 744

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Diane S. Lefkow, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

Defendant appeals from his convictions on six counts of first degree forgery. ORS 165.013(1) (*since amended by* Or Laws 1993, ch 680, § 25); ORS 165.007. We affirm.

In a trial to the court, defendant was found to have written checks with the intent to defraud, using the fictitious name of William Truitt. William Truitt was actually the name of a deceased person. Defendant had purchased Truitt's birth certificate and then used it to make false forms of identification. The parties stipulated that defendant wrote the checks on an account he had opened in the name of William Truitt. The parties also stipulated that defendant created numerous other documents bearing the Truitt name, including a Washington identification card, an Oregon identification card and a food stamp card. Defendant told an officer that the purpose of creating the Truitt identity was to run scams.

Defendant assigns as error the trial court's denial of his motion for a judgment of acquittal on all six counts. His argument is based on the premise that statutes charging forgery are capable of two interpretations, one "broad" and one "narrow."

Defendant argues that

"the 'narrow rule' holds that one who signs a check with a fictitious name that he represents to be his own is not guilty of forgery unless the person is attempting to pass off the false signature as the act of someone other than himself. The other rule, the 'broad rule', holds that one who signs a check with a fictitious name that he represents to be his own is guilty of forgery if he acts with general fraudulent intent and if the paper has sufficient appearance of validity upon its face to enable it to be used to the prejudice of another." (Citations omitted.)

He essentially concedes that he is guilty under the broad definition, but argues that he is not guilty under the narrow definition, which would require that, to be guilty of forgery, a defendant must have presented the signature "as one belonging to or authorized by someone" other than himself. He argues that, although he acted with the intent to defraud in writing the checks, he is not guilty under that narrow definition of forgery.

■ ■   In Oregon, forgery is committed when a person "falsely makes, completes or alters a written instrument" with the intent to injure or defraud. ORS 165.007. For the purpose of defining forgery, ORS 165.002(4) provides:

"To 'falsely make' a written instrument means to make or draw a complete written instrument in its entirety, or an incomplete written instrument which purports to be an authentic creation of its ostensible maker, but which is not, either because the ostensible maker is fictitious or because, if real, the ostensible maker did not authorize the making or drawing thereof."

Thus, one is guilty of forgery when one makes an instrument which purports to be an authentic creation of its ostensible maker, but is not authentic because "the ostensible maker is fictitious." Here, the checks purported to be authentic creations of William Truitt. Defendant was not William Truitt. William Truitt was deceased. The amalgamation created by defendant, a person with defendant's face and William Truitt's name, was clearly fictitious. Defendant intended to defraud both the bank and the stores when he opened the account and signed the checks using the Truitt name. In signing that name to the checks, defendant was endeavoring to represent his signature as that of William Truitt, and by logical inference, to present himself as William Truitt. That is clearly forgery, under either a narrow or a broad interpretation.

Affirmed.