Argued and submitted August 29, 2001, affirmed February 27, 2002

STATE OF OREGON,
*Respondent,*

*v.*

JOSE OJEDA-INDA,
*Appellant.*

CR99-12373; A108318

42 P3d 329

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Brendan C. Dunn, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Brewer, Judge.

LANDAU, P. J.

---

* Deits, C. J., *vice* Warren, S. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for possession of a forged instrument. ORS 165.017. He assigns error to the denial of his motion for a judgment of acquittal, arguing that there was no evidence that the instrument that he possessed was "forged" within the meaning of the statute. We affirm.

The relevant facts are undisputed. Officer Rodrigues stopped defendant for a traffic violation. He asked defendant for identification, and defendant gave him an Oregon driver's license. The name appearing on the license was "Rafael Saldana Arroyo." As defendant produced the license, Rodrigues noticed in defendant's wallet an Oregon identification card with a different name, "Jose Luis Ojeda-Inda." Rodrigues asked defendant which was really his name, and defendant replied that the name on the identification card was his and that the name on the driver's license was false.

Defendant was charged with possession of a forged instrument. At trial, the state proved that he possessed the driver's license, that he had knowingly given false information to the state agency that issued it—the Driver and Motor Vehicle Services Branch of the Department of Transportation (DMV)—and that he had signed a false name on the instrument. Defendant moved for a judgment of acquittal, arguing that the state had failed to prove that the driver's license had been "forged." According to defendant, there was no evidence that the driver's license had been falsely made, completed, or altered. To the contrary, he argued, the evidence was that it was a valid driver's license issued by a government agency. The trial court denied the motion.

On appeal, defendant reiterates his contention that the state failed to prove that the license was a forged instrument. He contends that the maker of the document was DMV and that the agency did not falsely make, complete, or alter it. The state argues that a "forged" instrument includes one that was falsely "completed" and that, by affixing his signature to the license containing false information on it, defendant falsely completed it. We agree with the state.

ORS 165.017(1) provides:

"A person commits the crime of criminal possession of a forged instrument in the second degree if, knowing it to be forged and with intent to utter same, the person possesses a forged instrument."

A "forged instrument" is defined as "a written instrument which has been falsely made, completed or altered." ORS 165.002(8). "Falsely complete," in turn, means:

"[T]o transform, by adding, inserting or changing matter, an incomplete written instrument into a complete one, without the authority of anyone entitled to grant it, so that the complete written instrument falsely appears or purports to be in all respects an authentic creation of its ostensible maker or authorized by the ostensible maker."

ORS 165.002(5). Assuming for the sake of argument that defendant is correct that the DMV is the "ostensible maker" of the license, the issue becomes whether defendant transformed an incomplete license into a complete one, without authority, so that the license falsely appears to be authentic.

Under ORS 807.110(7), a license is not valid "until signed by the person to whom it is issued." Thus, before defendant signed it, the license was not complete. Moreover, because he was not Rafael Saldana Arroyo, he was not the person to whom it was issued and thus not authorized to sign it. It is likewise undisputed that the signed license falsely appeared to be an authentic Oregon driver's license. It necessarily follows that, by knowingly signing a false name on a license containing false information, defendant "falsely complete[d]" it within the meaning of ORS 165.002(5). *See also State v. Spence*, 131 Or App 392, 395, 885 P2d 744 (1994), *rev den* 320 Or 567 (1995) ("forgery" includes signing a false name to checks); *Franklin v. Safeco Ins. Co. of America*, 80 Or App 183, 187, 721 P2d 874 (1986), *rev'd on other grounds* 303 Or 376, 737 P2d 1231 (1987) (a "falsely completed" instrument includes one indorsed without the authority of the payee).

Affirmed.